UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN BENSON | * | CIVIL ACTION NO. _____ |
| | * | |
| VS. | * | JUDGE _____ |
| | * | |
| | * | MAGISTRATE _____ |
| | * | |
| SEAMAR, L.L.C. and | * | |
| PSV VENTURE NO. 2, L.L.C. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.**

NOW INTO COURT, through undersigned counsel comes Plaintiff, JOHN BENSON, who files his Complaint against Defendants, SEAMAR, L.L.C. ("SEAMAR") and PSV VENTURE NO. 2, L.L.C. ("PSV"), hereinafter referred to as 'Defendants', and in support thereof, would show unto the Court the following:

**PARTIES**

1.

Named Plaintiff herein is JOHN BENSON, a person of majority age, and a resident of Augusta County, Virginia. Plaintiff is an American seaman protected by the Jones Act, 46 U.S.C. § 30104.

2.

Named Defendant, SEAMAR, L.L.C., is a domestic limited liability corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

3.

Named Defendant, PSV VENTURE NO. 2, L.L.C., is a domestic limited liability corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

## JURISDICTION AND VENUE

4.

This Honorable Court has jurisdiction over this matter pursuant to the Jones Act, 46 U.S.C. §30104 et seq., and the General Maritime Law of the United States. Venue is proper in accordance with 28 U.S.C. § 1391 (b)(1).

## FACTS

5.

Plaintiff, JOHN BENSON, would show that this lawsuit has become necessary as a result of occupational injuries he sustained on or about September 27, 2019.  On or about September 27, 2019, employees and/or agents of Defendant, SEAMAR, L.L.C., and/or Defendant, PSV VENTURE NO. 2, L.L.C., negligently caused Plaintiff to sustain injuries in the course and scope of his employment as a chief engineer aboard the OSV CAPE COD.

6.

On or about September 27, 2019, Plaintiff, JOHN BENSON, was employed by Defendant, SEAMAR L.L.C., as a member of the crew of the OSV CAPE COD, an offshore supply vessel.

7.

At all relevant times, the OSV CAPE COD was owned, operated, and/or managed by Defendant, SEAMAR, L.L.C., and/or Defendant, PSV VENTURE NO. 2, L.L.C. At all relevant times, the OSV CAPE COD was a vessel operating in navigable waters of the Gulf of Mexico off the coast of western Louisiana, and Plaintiff was contributing to, and aiding such vessel to

accomplish its mission.

8.

At the time of the occurrence, Plaintiff was assisting with vessel liquid cargo operations. The OSV CAPE COD was on station alongside an Anadarko offshore oil and gas platform and had just completed transferring methanol, a liquid chemical deicing agent, via a new three-inch-thick hose. As Chief Engineer, Plaintiff began to secure the cargo handling equipment for the transit back to Galveston, Texas. The hose was disconnected from the platform and the OSV CAPE COD's manifold located at the port stern corner of the vessel. Plaintiff asked the captain if the platform crane could be used to assist with moving the heavy and ungainly hose from the stern of the OSV CAPE COD to its storage rack behind the house at the forward end of the vessel. Despite the crane commonly being used to move heavy equipment and cargo around on the back deck of the vessel, the captain refused Plaintiff's request. The Plaintiff and two other crew members were forced to take up positions along the length of the hose and attempted to snake it through, around, and over a deck cluttered with cargo. The captain had failed to supervise the back loading of cargo from his vantage point in the wheelhouse to ensure the crew had a safe passageway across the deck. The overcrowded cargo on deck also obstructed deck lighting, creating shadows which obscured recessed areas of the deck used for D-ring connections. Plaintiff, at the head of the heavy hose, was climbing over cargo while the vessel pitched and rolled about in the seas when he slipped on the uneven surface of an obscured D-ring well and fell, twisting his body with the hose in hand.

9.

Plaintiff immediately reported the incident to the CAPE COD's captain who requested that Plaintiff complete an incident report. Upon completing the incident report while the vessel was docked alongside a Halliburton facility in Galveston, Texas, the captain ordered the Plaintiff to pack

his bags and disembark as the vessel needed to return offshore and Defendants did not want to risk upsetting client Anadarko with possible delays. Plaintiff was driven to a Holiday Inn Hotel at the William P. Hobby Airport in Houston, Texas, however no attempt was made to secure any type of medical attention for the Plaintiff's reported injuries. Plaintiff, in severe pain checked himself into a hotel and made flight arrangements to return to his home in Virginia. While traveling home, Plaintiff required wheelchair assistance to move about the airport terminals for his connecting flights. Upon reaching home, Plaintiff sought out and received extensive medical care.

10.

As a result of the occurrence, Plaintiff sustained severe and debilitating injuries to his lower back and abdomen among other parts of his body to include herniation repair and treatment for life-threatening infections which has led to other significant medical complications.

11.

To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

**FIRST CAUSE OF ACTION FOR NEGLIGENCE UNDER THE JONES ACT AGAINST DEFENDANT, SEAMAR, L.L.C.**

12.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

13.

Plaintiff brings this cause of action against Defendant, SEAMAR, L.L.C., pursuant to the Jones Act, 46 USC §30104, et seq.

14.

On or about September 27, 2019, Defendant, SEAMAR, L.L.C., employed Plaintiff as a crewmember aboard the OSV CAPE COD.  At all relevant times, it was feasible for said Defendant to provide to Plaintiff, JOHN BENSON, and said Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work. Plaintiff further contends that on the occasion in question, Defendant, SEAMAR, L.L.C., acting through its officers, agents, servants and/or employees, was careless and negligent in breach of the duty owed to its employee, Plaintiff, JOHN BENSON. Defendant, SEAMAR, L.L.C., was careless and negligent in the following respects:

a. In failing to provide a safe work environment;
b. In failing to properly train and supervise the crew;
c. In failing to maintain the deck free from clutter;
d. In failing to maintain deck covers for D-ring fittings;
e. In failing to provide adequate lighting;
f. In denying assistance to the Plaintiff when requested;
g. In failing to properly inspect and maintain the vessel, its equipment and gear, in safe, working condition;
h. In operating the vessel in an unsafe and improper manner;
i. In failing to assist Plaintiff; and,
j. Other acts of negligence as proven at time of trial.

15.

On or about September 27, 2019, and as a direct and proximate result of the negligent acts of Defendant, SEAMAR, L.L.C., Plaintiff developed severe and debilitating injuries to his lower back and abdomen among other parts of his body. Said occurrence and injuries occurred as a result of the negligence of Defendant, SEAMAR, L.L.C., its agents, servants, and/or employees, acting in the course and scope of their employment or agency.

**SECOND CAUSE OF ACTION FOR VESSEL UNSEAWORTHINESS AGAINST DEFENDANTS, SEAMAR, L.L.C. AND PSV VENTURE NO. 2, L.L.C.**

16.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein

as if re-pled in their entirety.

17.

Plaintiff brings this cause of action against Defendants, SEAMAR, L.L.C. and/or PSV VENTURE NO. 2, L.L.C., as set forth herein pursuant to the General Maritime Law of the United States of America.

18.

On or about September 27, 2019, the OSV CAPE COD was owned, operated, controlled, and/or manned by Defendants, SEAMAR, L.L.C. and/or PSV VENTURE NO. 2, L.L.C.

19.

At all relevant times, Defendants, SEAMAR, L.L.C. and/or PSV VENTURE NO. 2, L.L.C. owed a duty to furnish a vessel that was seaworthy in all respects with reasonably safe equipment and gear.

20.

On or about September 27, 2019, dangerous and unseaworthy conditions existed aboard the OSV CAPE COD, and Plaintiff, JOHN BENSON, thus, was caused to sustain severe injuries.

21.

Defendants, SEAMAR, L.L.C. and/or PSV VENTURE NO. 2, L.L.C. failed to take reasonable and necessary steps to ensure the safety of the vessel's crew. On or about September 27, 2021, the OSV CAPE COD was unseaworthy in the following particulars:

   a. The vessel had an incompetent Master, pilot, and/or crew;
   b. The vessel lacked safe policies and procedures for securing equipment for sea;
   c. The vessel lacked safe policies and procedures for loading and moving cargo;
   d. The vessel lacked assistance, whether mechanical or otherwise, to move the hose;
   e. The deck was cluttered with cargo;
   f. The deck lighting was inadequate;
   g. The deck lacked covers for D-ring wells;
   h. The vessel lacked adequate safety equipment and gear to protect the crew; and,

      i. Other unseaworthy conditions as proven at time of trial.

22.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendants, SEAMAR, L.L.C. and/or PSV VENTURE NO. 2, L.L.C. are liable to the Plaintiff in damages.

### THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE AGAISNT DEFENDANT, SEAMAR, L.L.C.

23.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

24.

Plaintiff brings this cause of action against Defendant, SEAMAR, L.L.C., pursuant to the General Maritime Law of the United States of America.

25.

As an employee and seaman of Defendant, SEAMAR, L.L.C., Plaintiff, JOHN BENSON, is entitled under the General Maritime Law to the payment of maintenance and cure until his reaching of maximum medical cure.  As of the drafting of this Complaint, Defendant, SEAMAR, L.L.C., has failed to pay adequate maintenance and cure after being so advised of the needs of Plaintiff.

26.

On or about September 27, 2019, and on other dates thereafter, and ever since, Defendant, SEAMAR, L.L.C., has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant owes to Plaintiff.  Plaintiff further alleges that it was, and still is, the duty of Defendant, SEAMAR, L.L.C., as his employer to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendant, SEAMAR, L.L.C.,

have unreasonably, arbitrarily, willfully and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries, pain and suffering, and additional expenses.

27.

Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

28.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, SEAMAR, L.L.C., is liable to Plaintiff:

      a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
      b. Physical and emotional injury, pain and suffering;
      c. Prolongation and or aggravation of injuries;
      d. Indebtedness for health care expenses;
      e. Indebtedness for daily living expenses;
      f. Punitive damages for the failure to honor maintenance and cure obligations;
      g. Prejudgment interest; and,
      h. Plaintiff's reasonable attorneys' fees.
      i.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## **DAMAGES**

29.

As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

30.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, SEAMAR, L.L.C. and/or PSV VENTURE NO. 2, L.L.C., are jointly and severally liable to Plaintiff:

a. Reasonable and necessary medical expenses in the past and in the future;
b. Physical pain and suffering in the past and in the future;
c. Mental anguish in the past and in the future;
d. Loss of earning capacity in the past and in the future;
e. Physical disfigurement in the past and in the future;
f. Physical impairment in the past and in the future;
g. All damages referred to elsewhere in this Complaint;
h. All damages allowed under law; and,

      i.   Any other relief to which Plaintiff is entitled under law or equity.

All said injuries and damages in an extent, not now precisely known, in excess of $2,500,000.00.

## JURY DEMAND

31.

Plaintiff hereby requests a trial by jury on all issues raised herein.

32.

WHEREFORE, after due proceedings had, Plaintiff, JOHN BENSON, prays that Defendants, SEAMAR, L.L.C. and PSV VENTURE NO. 2, L.L.C., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendants, SEAMAR, L.L.C. and PSV VENTURE NO. 2, L.L.C., jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff must show himself justly entitled.

Dated: June 17, 2022

Respectfully submitted,

SCHECHTER, SHAFFER, & HARRIS, L.L.P.

/s/ *Laura B. De La Cruz*
LAURA B. DE LA CRUZ
Louisiana Bar No. 37966
Texas Bar Number: 24095300
MATTHEW D. SHAFFER*
Texas Bar No. 18085600
3200 Travis, 3rd Floor
Houston, Texas 77006
Tel: (713) 524-3500
Facsimile: (866) 696-5610
Ldelacruz@smslegal.com
Mshaffer@smslegal.com
*Attorney will be seeking admission pro hac vice*
**Counsel for Plaintiff,
JOHN BENSON**

**PLEASE SERVE:**

**SEAMAR, L.L.C.**
Through its registered agent:
Henry A. King
King Krebs & Jurgens, P.L.L.C.
201 St Charles Ave, 45th Floor
New Orleans, Louisiana 70170

**PSV VENTURE NO. 2, L.L.C.**
Through its registered agent:
Henry A. King
King Krebs & Jurgens, P.L.L.C.
201 St Charles Ave, 45th Floor
New Orleans, Louisiana 70170